IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00907-BNB

GARY H. FUGATE,

    Plaintiff,

v.

ARISTEDES ZAVARAS – in his official and individual capacity,
KEVIN ESTEP – in his official and individual capacity,
EMILY BOND – in her official and individual capacity,
BRET YOUNGBLOOD – in his official and individual capacity,
REBBECCA ADKINS – in her official and individual capacity, and
STACY SMITH – in her official and individual capacity,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 13 2009

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Gary H. Fugate, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Cheyenne Mountain Re-Entry Center in Colorado Springs, Colorado. On April 21, 2009, Mr. Fugate filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3). He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. As relief, he asks to be transferred from his current facility, for his disciplinary conviction to be overturned and expunged from his prison record, and for money damages.

The Court must construe the complaint liberally because Mr. Fugate is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the

***pro se*** litigant's advocate. ***See Hall***, 935 F.2d at 1110. For the reasons stated below, Mr. Fugate will be ordered to file an amended complaint.

In his complaint, Mr. Fugate asserts three claims stemming from his placement in administrative segregation from December 12, 2008, to January 5, 2009, prior to a hearing on his disciplinary charges for disobeying a direct order. As his first claim, he apparently alleges that his due process rights were violated because he was placed in administrative segregation without notice or an investigation prior to his disciplinary hearing. As his second claim, he complains that the DOC's administrative regulations were violated because he was double-bunked while in administrative segregation. He also reiterates allegations already stated in his first claim. As his third claim, he alleges that he was discriminated against and subjected to deliberate indifference to his serious needs by his placement in administrative segregation. He again reiterates allegations from his first claim and makes reference to allegations in the section titled "C. Nature of the Case." ***See*** complaint at 4. It is unclear to the Court whether Mr. Fugate seeks to amend the instant action by adding a claim of access to the courts through a separate document he also filed on April 21, 2009.

Mr. Fugate fails to allege exactly what each defendant did to violate his constitutional rights. Personal participation by the named defendants is an essential allegation in a civil rights action. ***See Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976) ***Id.*** Mr. Fugate must show that each defendant caused the deprivation of a federal right. ***See Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's

participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Aristedes Zavaras, DOC executive director, or Kevin Estep, executive director of the Cheyenne Mountain Re-Entry Center, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Fugate may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Fugate uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

The amended complaint Mr. Fugate is directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief

sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Fugate's complaint is disorganized and repetitive. He must assert, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. In order for Mr. Fugate "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

In addition, Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be legible. *See* D.C.COLO.LCivR 10.1G. The complaint that Mr. Fugate has filed is difficult to read because it is typewritten, in part, in all capital letters. The amended complaint Mr. Fugate is directed to file must be typed or handwritten legibly, in capital and lower-case letters. Accordingly, it is

ORDERED that Plaintiff, Gary H. Fugate, file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District

Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Fugate, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Fugate fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 13th day of May, 2009.

BY THE COURT:

Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00907-BNB

Gary H. Fugate
Prisoner No. 68585
CMRC
2925 East Las Vegas Street
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 5/13/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk